# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENERVA W. TROTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:17-cv-285 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| T. SMITH, Correctional Officer, | ) | Magistrate Judge Richard A. Lanzillo |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

Plaintiff Enerva W. Trotman ("Plaintiff"), an inmate at the Federal Correctional Institution at McKean ("FCI-McKean"), initiated this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA") on October 26, 2017. ECF No. 1. Plaintiff's motion to proceed *in forma pauperis* was granted on October 31, 2017, and his Complaint was docketed the same day. ECF Nos. 2, 3. In his Complaint, Plaintiff alleges that the Defendant Smith, a correctional officer at FCI-McKean, engaged in racial discrimination, libel, slander, defamation of character, and religious discrimination. ECF No. 3, p. 2.

Pending before the Court is Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. ECF No. 15. In orders dated June 21, 2018, and July 11, 2018 (ECF Nos. 89, 93), the Court directed Plaintiff to respond to Defendant's pending motion. The Court's two orders contained the following language:

> THE PARTIES ARE HEREBY NOTIFIED THAT THE PENDING MOTION
> WILL BE TREATED AS A MOTION FOR SUMMARY JUDGMENT UNDER
> FEDERAL RULE OF CIVIL PROCEDURE 56. *See* Renchenski v. Williams,
> 622 F.3d 315 (3d Cir. 2010).

1

ECF No. 18.[1]  Plaintiff responded to Defendant's motion by filing an "Affidavit."  ECF No. 20.  For the reasons below, Defendant's motion will be granted.[2]

I.      **Factual Background**

In his Complaint, Plaintiff alleges that on July 5, 2016, Defendant used a racial slur.  ECF No. 3, p. 2.  Specifically, Plaintiff asked Defendant why Defendant left his prayer book on the floor of his cell.  Id.  In response, Defendant stated, "how can a black man be Jewish when you are a nigger[?]"  Id.

At an unknown date following the July 5, 2016 incident, Plaintiff submitted an informal grievance.  This informal grievance was referred to the "appropriate entity" on July 14, 2016.  ECF No. 3-1, p. 5.  On August 2, 2016, Plaintiff filed a Request for Administrative Remedy, in which he recounted the events alleged in the Complaint.  Id., p. 3.  On August 16, 2016, Plaintiff's Request for Administrative Remedy was signed by the warden of FCI-McKean and referred to the "appropriate entity."  Id., p. 6.  On September 19, 2016, Plaintiff submitted an appeal to the Northeast Regional Office; in the appeal, Plaintiff stated that he was dissatisfied with the administrative response to his grievance because of the seriousness of Defendant's behavior and concerns about his safety.  Id., p. 4.  On September 20, 2016, the Northeast Regional Office denied the appeal due to untimeliness.  Defendant's App'x, Ex. 1b, p. 22.  Plaintiff appealed that decision; his appeal was received by the Administrative Remedy Section of the Central Office on October 4, 2016.  ECF No. 3-1, p. 2.  On October 31, 2016, the Central

---

[1] In ruling upon Defendant's motion, the Court will rely on matters outside of the pleadings, and so it will construe Defendant's motion as a Motion for Summary Judgment.  Fed. R. Civ. P. 12(d); see also Fed. R. Civ. P. 56.

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636(c).  See ECF Nos. 4, 24.

Office notified Plaintiff that his appeal was denied due to the untimeliness of his September 19, 2016 appeal to the Northeast Regional Office. Id., p. 1.

## II. Standards of Review

### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

### 2. Motion to dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits. Instead, the plaintiff must only present factual allegations sufficient "to raise a right to

3

relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in Conley v. Gibson, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

### 3. Motion for Summary Judgment

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Pursuant to Rule 56, the Court must enter summary judgment against the party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in the that party's favor. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018).

### III. Analysis

Plaintiff contends that the incident described above amounts to racial discrimination, libel, slander, defamation of character, and religious discrimination. ECF No. 3, p. 2. Defendant argues that Plaintiff has failed to administratively exhaust his claims.

    a. *Bivens* Claims and PLRA Exhaustion

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (the "PLRA"), requires a prisoner to exhaust any available administrative remedies before he may bring an action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence. Porter v. Nussle, 534 U.S. 516, 532 (2002). "[P]roper exhaustion" means that a prisoner's completion of the administrative review process must also satisfy the applicable procedural rules of the prison's grievance system. Fennell v. Cambria County Prison, 607 Fed. Appx. 145, 149 (3d Cir. 2015). This includes the strict compliance with deadlines for submissions of grievances and appeals. Woodford v. Ngo, 548 U.S. 81, 95 (2006). A procedurally defective administrative grievance, even if pursued to final review, precludes action in federal court. Fennell, 607 Fed. Appx at 149. Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be pleaded and proven by defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

The Bureau of Prisons has established a four-step administrative-remedies process that federal inmates must follow to meet the PLRA's exhaustion requirement. First, an inmate must informally present an issue of concern to the staff, who will attempt to resolve the issue before that inmate submits a Request for Administrative Remedy. 28 C.F.R. § 542.13(a). Second, if the inmate is dissatisfied with the informal resolution of the issue of concern, the inmate must

submit a formal written Administrative Remedy Request on a BP–9 form 20 days following the date on which the basis for a remedy request occurred. 28 C.F.R. § 542.14(a). Third, an inmate who is not satisfied with the warden's response may submit an appeal on a BP–10 form to the Regional Director within 20 days of the date of the warden's signed response. 28 C.F.R. § 542.15. Fourth, an inmate who is not satisfied with the Regional Director's response may submit a final appeal on a BP–11 form to the General Counsel at the Central Office of Appeals within 30 calendar days of the Regional Director's signed response. Id.

A review of the record reveals that Plaintiff failed to comply with the four-step administrative remedies process. 28 C.F.R. § 542.15 provides that prisoners have 20 days from the date of the warden's signed response to submit an appeal to the Regional Director. Defendant has submitted the uncontroverted Declaration of Ondreya Barksdale, a paralegal at the BOP, showing that Plaintiff received the warden's signed response to his Request for Administrative Remedy on August 16, 2016. Defendant's App'x, Ex. 1, ¶ 5. But it was not until September 19, 2016—34 days after the date of the warden's signed response—that Plaintiff submitted an appeal to the Northeast Regional Director. Id. Plaintiff has failed to contest or respond to the substance of the Declaration. Thus, the Court finds that Plaintiff's appeal to the Northeast Regional Director was untimely. Because the Supreme Court has instructed that lower courts must strictly construe deadlines in the grievance review system, Woodford, 548 U.S. at 95, Plaintiff's claim was not properly exhausted. Summary judgment on this basis is warranted.

    b. FTCA Claims

To the extent that Plaintiff may have intended to assert libel, slander, and defamation of character claims under the Federal Tort Claims Act ("FTCA"), Plaintiff has likewise failed to exhaust his administrative remedies. 28 U.S.C. § 2675(a) requires an FTCA claimant to first

present his claim to the appropriate Federal agency, after which that agency must "finally" deny that claim in writing, before filing an action in District Court. Defendant has submitted another uncontroverted Declaration of Ondreya Barksdale, a paralegal at the BOP, which states that "Mr. Trotman has not filed a claim pursuant to the FTCA with the BOP at any time for any reason." Defendant's App'x, Ex. 3, ¶ 4. Plaintiff has failed to contest or respond to the substance of the Declaration. Accordingly, the Court finds that, to the extent that Plaintiff has raised libel, slander, and defamation of character claims, he has failed to exhaust them under the FTCA.

## V. CONCLUSION

For all these reasons, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 15) is GRANTED. Plaintiff's claims are dismissed, with prejudice. The Clerk is directed to mark this case closed.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: March 26, 2019